CIVIC CENTER GARAGE, INC., a Corporation, Plaintiff in Error,

v.

Maybelle WORKMAN, Defendant in Error.

No. 39609.

Supreme Court of Oklahoma.

Oct. 9, 1962.

Jack L. Spivey, Bryan L. Mitchell, Oklahoma City, for plaintiff in error.

Pat Brogan, Oklahoma City, for defendant in error.

## PER CURIAM.

The plaintiff in her petition sought damages for the wrongful conversion of her 1950 Plymouth car and $2,000.00 punitive damages. She alleged in part:

"On said date of September 23, 1959, the defendant sent one of its agents and employees in a tow truck belonging to defendant to the home of plaintiff at 430 N. W. 9th Street, Oklahoma City, and said agent of defendant, whose name is unknown to plaintiff, entered upon the property and premises of plaintiff without any authority whatsoever and backed the tow truck into plaintiff's yard and thereupon hooked the tow truck onto plaintiff's said Plymouth automobile which was parked on plaintiff's property close to her house, and thereupon said defendant and its agent and employee removed plaintiff's said automobile and converted and appropriated said Plymouth car to defendant's own use and without authority or permission or consent of plaintiff."

The defendant answered with a general denial. At the conclusion of the evidence the court in passing on the demurrer of the defendant made the following holding:

"THE COURT: At this time the Court will sustain the demurrer as. to any punitive damages. I am going to make some rulings right now, Mr. Spivey, that I am sure you will take exceptions to.

"I am going to rule as a matter of law that this lady's automobile was converted. I am going to leave to the jury the amount of damages, if any. It is the opinion of the Court that under the law neither the police power nor an individual has a right to go on private property without a proper warrant and proper arrest procedure and I am so holding at this time in which case that as a matter of law it is a conversion; that they went onto private property to pick up an automobile. I will leave to the jury the amount, if any, of damages

she has suffered, and the amount will be under the petition as alleged and for that amount only. The Court is sustaining a demurrer to any request for exemplary damages.

"MR. BROGAN: Now, to which plaintiff takes exception to the Court's ruling as to the question of punitive damages.

"THE COURT: Exception allowed."

The cause was submitted to the jury under instructions by the court, not objected to by defendant, for it to determine the amount of damages the plaintiff should recover.

The jury returned a verdict for $450.00, the full amount of actual damages and expenses in pursuit of the car as prayed for.

Kenneth Liles, a member of the police department for a period of four years, discovered that the car had two or more delinquent parking tickets and asked the defendant to come out and tow the car in and hold it until ordered by the police department to release it to the plaintiff. Neither Liles nor the police department were made parties. No contention is made, and we do not pass upon the admissibility of this evidence under the issues made by the pleadings.

 On appeal the defendant first contends that the evidence failed to show the plaintiff was sole owner of the car, as the title to the car introduced in evidence was issued November 7, 1957, to a "Maybelle & Billie Workman." To support this contention the defendant singles out a part of plaintiff's testimony, to-wit:

"Q. This is the title to your car, issued by the State of Oklahoma?

"A. Yes.

"Q. And it was issued to Maybelle and Billie Workman, is that right?

"A. Yes.

"Q. And Billie is your daughter?

"A. Thats right.

"Q. And your name is Maybelle?

"A. Yes.

"Q. And that car was really more your car than hers?

"A. Yes."

From an examination of all the testimony of the plaintiff we find she testified that the car was hers entirely; that she bought it with her own money and the only reason she had her daughter's name put in the title was if something happened to her, her daughter would get the car. The evidence further shows at the time the title was issued her daughter was 18 years of age, unmarried and living with her mother. From a consideration of all the evidence we hold the proof sufficient to show ownership of the car in plaintiff.

In support of this assignment of error the defendant cites Besse v. West, 155 Okl. 244, 9 P.2d 5. We hold the facts in that case are not applicable to the facts in this case.

 The defendant next contends there is no evidence that plaintiff incurred any expense in pursuit of said car. The only expense proved was $100.00, she was to pay her attorney representing her in this action. The defendant cites Fitch v. Green, 39 Okl. 18, 134 P. 34, which holds an attorney fee cannot be included as expenses incurred in pursuit of said chattel.

The facts show $100.00 of this $450.00 verdict was allowed by the jury as expenses incurred by the plaintiff in pursuit of said car.

The judgment is affirmed for $350.00 actual damages, and reversed as to the $100.00 allowed as attorney's fee.

The cost of appeal is divided equally between the parties.

It is so ordered.

The Court acknowledges the aid of Supernumerary Judge N. S. CORN in the preparation of this opinion. After a tentative opinion was written, the cause was assigned to a Justice of this Court. Thereafter, upon report and consideration in conference the foregoing opinion was adopted by the court.