David ROSS, Executor of the Estate of Glenn W. Peel, Deceased, Appellee,

v.

KAN–TEX SEED CO., Appellant.

No. 85140.

Court of Appeals of Oklahoma, Division No. 3.

March 19, 1996.

Guy Clark, Northcutt, Clark, Gardner, Hron & Powell, Ponca City, for Appellant.

David S. Cummings, Derrin K. Hiatt, Burns, Baumert & Cummings, Ponca City, for Appellee.

*OPINION*

BUETTNER, Judge:

This case has previously been before this Court on the question of liability. In No. 80,465, Division I of the Oklahoma Court of Appeals found that the tenant of Appellee's land, under a grazing lease, held no more than a license for grazing livestock on the land. Consequently, when the tenant contracted with Appellant Kan–Tex Seed Co. ("Kan–Tex") to sell the native grass seed

growing on the land, the result was that Kan–Tex was liable for conversion of the seed. Division I remanded the case to the trial court for an award of appropriate damages in favor of Appellee. The opinion of Division I stands as the law of this case. *Fent v. Oklahoma Natural Gas Co, a Division of Oneok Inc.*, 898 P.2d 126, 132–33 (Okla.1994).

The parties stipulated that the evidence presented in the previous bench trial could be used by the court to determine damages. Kan–Tex contends that the trial court erred in assessing damages. The trial court specifically found that Appellee elected to proceed in tort, sought damages pursuant to 23 O.S. 1991 § 64, subsections 2 and 3, and prosecuted the action with reasonable diligence. Section 64 provides:

The detriment caused by the wrongful conversion of personal property is presumed to be:

1. The value of the property at the time of the conversion with the interest from that time; or,

2. Where the action has been prosecuted with reasonable diligence, the highest market value of the property at any time between the conversion and the verdict, without interest, at the option of the injured party; and,

3. A fair compensation for the time and money properly expended in pursuit of the property.

In particular, Kan–Tex asserts (1) that the trial court misapplied the statutory measure of damages; (2) that there was no evidence to support the finding of the highest market value at $153,199.80; and (3) that the assessment for pursuit of property was unsupported by the evidence. With respect to points 1 and 2, we disagree and affirm the trial court, which entered judgment in favor of Appellee in the amount of $153,199.80 in damages for converted grass seed. However, we agree that the record does not support the judgment insofar as it awards $10,036.25 for costs of pursuit of property.

■ First, Kan–Tex argues that the highest market value of the property at any time between the conversion and the judgment should have been based on actual sales prices, particularly because Appellee did not act with reasonable diligence to make his ownership known. In essence, Kan–Tex claims that Appellee is estopped from seeking damages higher than Kan–Tex received from actual sales because he did not stop Kan–Tex from harvesting the grass.

The evidence in the record, as presented through the people involved with the selling and buying of the seed as well as experts, supports the court's determination of highest value between the time of the conversion and the judgment. *Hamco Oil and Drilling Co. v. Ervin*, 354 P.2d 442, 446 (Okla.1960). Appellant presents no authority for its assertion that a true owner's knowledge that a converter was selling his property limits his damages, pursuant to the statute, to the actual sales price received by the converter.

We are also mindful that the pre-trial order reflects Appellee's election under § 64 to recover damages as the highest market value between the time of conversion and the verdict, without interest, as well as compensation for the time and money properly spent in the pursuit of the property. As cited above, a party may not seek recovery pursuant to § 64(2) unless he has prosecuted his action with reasonable diligence. The trial court found that Appellee became aware that grass seed was being harvested on October 28, 1987 and made claim upon the tenant November 9, 1987 and upon Kan–Tex January 20, 1988. The petition was filed July 22, 1988. Kan–Tex makes no argument that the time between discovery of the conversion and making or filing the claim was unreasonable, or that Appellee did not reasonably prosecute this action. As a result, the finding that Appellee prosecuted the action with reasonable diligence will not be disturbed, and Appellee had the right to obtain the highest market value of the grass seed between the conversion and the judgment.

■■ For Kan–Tex's second proposition of error, it alleges that there was no evidence to support the trial court's finding that the highest market value of the grass seed was $153,199.80. The rule, however, is that the "findings of a trial court sitting without a jury are entitled to the same weight that

would be given a verdict by a jury and if there is any evidence, including reasonable inferences therefrom, tending to support the findings, the trial court's judgment will not be disturbed on appeal." *Maras v. Smith,* 420 P.2d 483, 485 (Okla.1966). In this case, the record contains evidence by way of invoices and witness testimony showing the pure live seed (PLS) percentage for each of the three types of grasses and the highest price obtained by Kan–Tex after the conversion and before the judgment. The trial court's finding of highest value is based on this evidence and is therefore supported by the record.

■■■ Finally, Kan–Tex contends that the assessment of damages for cost of pursuit was not supported by the evidence. In this case, the Personal Representative, a lawyer, received $5,500.00 per month for performing personal representative services. Appellee testified that he did not keep contemporaneous time records of his activities relating to the conversion claim. However, he estimated that he spent in excess of 108 hours pursuing the claim. He then estimated that about half of that time was "administrative" work and half was "legal" work, although he had no factual basis for such an estimate. He then estimated that the administrative work was recompensed at the rate of $60.00 per hour and that his normal rate for legal services was between $100 and $125 per hour. However, Appellee had no factual basis for estimating how much he was paid per hour by the estate. He did not charge the estate by the hour, did not keep records of hours worked, and received no extra compen-

sation for legal work. The party seeking costs of pursuit expenses under § 64 must present evidence supporting the claim. Those expenses do not include attorney's fees for prosecuting the case. *Civic Center Garage, Inc. v. Workman,* 375 P.2d 875, 877 (Okla.1962).[1]

The estate did not expend any specifically identifiable money in pursuit of its conversion claim.[2] And, while § 64 allows for recovery of a "fair compensation of time … properly expended in pursuit of the property," competent evidence must support such recovery. In this case, the testimony consisted of guesswork, and therefore is insufficient to support the award. *McConnell v. Oklahoma Gas & Elec.,* 563 P.2d 632, 633 (Okla.1977); *Lukenbill v. Longfellow Corporation,* 329 P.2d 1036, 1038 (Okla.1958).

For these reasons, we affirm the findings and order of the trial court awarding $153,-199.80 as the highest market value of the converted property, but reverse as to the $10,036.25 costs of pursuit of property.

AFFIRMED IN PART AND REVERSED IN PART.

HANSEN, P.J., and ADAMS, V.C.J., concur.

---

1. In *Haines v. Parra,* 193 Cal.App.3d 1553, 239 Cal.Rptr. 178 (1987), under a similar statute, the plaintiff, an attorney, was not allowed to recover his normal hourly rate for time spent pursuing the recovery of money taken by the defendant.

2. Appellee testified that the estate paid certain of his travel expenses, but those expenses were not part of the evidence submitted to the trial court.