EDWARDS, Judge.
Plaintiffs * filed suit for the personal injuries sustained by Robert L. Matthews, Jr., against Charles A. Felps, his son, Keith Felps, and his insurer, Allstate Insurance Company. Allstate stipulated to liability in return for plaintiffs’ release of defendants Charles and Keith Felps. The jury returned a verdict in favor of plaintiffs for $30,000.00. The Matthews filed this devol-utive appeal seeking an increase in quantum. They allege that the trial court charged the jury incorrectly and failed to award plaintiffs all of the expert fees and costs they incurred.
Robert Matthews, Jr., was accidentally shot by Keith Felps on September 7, 1984. At the time of the accident, both Robert and Keith were minors. The two teenagers were in Keith’s room preparing to go to a football game. Robert was seated on one of the two beds in the room when Keith jokingly pointed a pistol at him. Robert demanded that Keith put it down, but as Keith was doing so the gun discharged. A 9 millimeter bullet entered Robert’s upper left arm, fracturing his humerus, passed through the apex of his lung, and finally shattered into fragments inside his clavicle. He was rushed to the emergency room and remained in the hospital for a week. After he was released, plaintiff recuperated at home for over two months.
In January of 1985, Robert was admitted to the hospital for the second time to have the bullet fragments extracted. The doctors had been unable to remove them until Robert’s collarbone healed. After another six weeks of recovery, he was able to go back to work. Before the accident, plaintiff made $3.50 an hour at Pro-Scape, a landscaping company. After the accident, he got a job with the state as a mechanic’s helper making $5.00 an hour.
Plaintiff contends that the general damage award for the pain and suffering he experienced and the disability he sustained is inadequate. An appellate court *547 cannot disturb a quantum award unless the record clearly reveals that the trier of fact abused its discretion in making the award. If the trial court’s award can be reasonably supported by the record, we must affirm it. Coco v. Winston Indus., Inc., 341 So.2d 332 (La.1976).
The evidence at trial supports a finding that Robert Matthews’ injuries were extremely painful. Plaintiff was struck at close range by a 9 millimeter bullet. Dr. David Davis, a thoracic and cardiac surgeon, testified he was called to the Baton Rouge General Medical Center on September 8,1984, to assist in the treatment of Robert L. Matthews, Jr. He was called by the emergency room doctors because they were concerned that the bullet was located so close to Robert’s chest cavity. The bullet caused a blood clot in the area right above his lung cavity. At trial, Robert testified that after he was shot he did not know what was going to happen to him. He thought he was going to die or be paralyzed for life. Although the pain was excruciating, he remained conscious the entire time. Plaintiff was incapacitated for approximately six months as a result of the accident.
We also find that Robert suffered some permanent partial disability to his left shoulder area. Drs. Stuart Phillips and Steven Wilson, orthopedic surgeons, disagreed on the extent of plaintiff’s disability, but each testified that plaintiff had suffered some loss of function in his left shoulder. Ms. Lauren Rivet, an occupational therapist, testified that plaintiff may have some future problems in his mechanic’s job in performing manual labor which involves the use of his left shoulder, based on the functional occupational therapy test which she administered to plaintiff. This physical capacity evaluation measures the functional ability of the patient to perform daily activities. It involves twenty tests based on the broad physical demands of jobs, such as walking, running, stooping, reaching, the amount of weight one can lift, and what one can do with that weight once it has been lifted. Ms. Rivet testified that plaintiff had difficulty in pulling handover-hand, pushing or pulling, and picking up heavy loads. After the accident, Ms. Rivet measured plaintiff’s left upper arm and found it to be three-fourths of an inch smaller than the right. At the trial, she testified that there was still a visual decrease in his left arm that could be seen without measuring.
Allstate stipulated to medical bills of $8,839.78 and $3,320.00 in past loss of wages. Thus, the jury actually awarded plaintiff $17,840.22 in general damages. After a careful review of the individual circumstances of this case, we conclude that the award was an abuse of the jury’s discretion.
As directed by Coco, 341 So.2d at 332, we must now proceed to raise the award for general damages to the lowest reasonable award within the jury’s discretion. After a careful analysis of the injuries sustained by plaintiff, we find that $40,000.00 would constitute the lowest proper award under the circumstances. See Jacks v. Allstate Ins. Co., 463 So.2d 833 (La.App.2d Cir), cert, denied, 466 So.2d 468 (La.1985) ($35,000.00 general damage award for plaintiff’s broken arm); Locicero v. State Farm Mut. Ins. Co., 399 So.2d 712 (La.App. 1st Cir. 1981) ($65,000.00 general damage award for severe injury to plaintiff’s arm).
We find that plaintiffs did not carry their burden of showing that the accident actually impaired Robert’s earning capacity. Before the accident, he earned $3.50 an hour, afterwards he earned $5.00 an hour. Although there was evidence that Robert suffered some loss of function in his left arm, plaintiffs did not show that this prevented him from doing his job. An award for future lost wages is inherently speculative, and in this case, plaintiffs did not carry their burden of showing that the accident would prevent Robert from working in the future. While the accident could have had tragic consequences, fortunately, Robert has largely recovered from it.
Plaintiffs contend that the trial court erred in failing to instruct the jury with the twenty-one jury charges they submitted. LSA-C.C.P. art. 1793(C) requires a party to object to the court’s failure to give *548 an instruction before the jury retires to consider its verdict. There is no evidence in the record that plaintiffs’ attorney made a formal objection as required by art. 1793. Accordingly, plaintiffs waived their right to object on appeal.
Plaintiffs also argue that the trial court erred in failing to tax the expert witness fee of Dr. Rice, plaintiffs’ economist, as costs to defendant. LSA-C.C.P. art. 1920 gives the court broad discretion to “render judgment for costs, or any part thereof, against any party, as it may consider equitable.” We do not find that the trial court abused its discretion in refusing to tax the entire expert witness fee of Dr. Rice as costs to the defendant.
For the above reasons, we increase the general damage award to $40,000.00. Thus, plaintiffs’ total recovery against Allstate Insurance Company is $52,159.78. Costs to be borne equally by appellants and appellee.
AMENDED IN PART, AND AS AMENDED, AFFIRMED.

 Robert L. Matthews, Sr., individually and on behalf of his former minor child, Robert L. Matthews, Jr.