Filed 12/2/97 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

1997 ND 226

Julie S. Gowin,                           Plaintiff and Appellant

       v.

Henry A. Trangsrud,                        Defendant and Appellee

Civil No. 970065

Appeal from the District Court for Cass County, East Central Judicial District, the Honorable Frank L. Racek, Judge.

AFFIRMED.

Opinion of the Court by Sandstrom, Justice.

Leland F. Hagen, of Lee Hagen Law Office, Ltd., P.O. Box 3143, Fargo, N.D. 58108-3143, for plaintiff and appellant.

Paul R. Oppegard, of Smith Bakke Hovland & Oppegard, P.O. Box 657, Moorhead, MN 56560-0657, for defendant and appellee.

Gowin v. Trangsrud

Civil No. 970065

SANDSTROM, Justice.

[¶1] Julie S. Gowin appealed from a judgment dismissing her negligence action against Henry A. Trangsrud and from an order denying her motion for new trial.  We conclude the trial court did not commit reversible error in refusing to give her requested jury instructions on agency and contributory fault of employees.  We affirm.

I

[¶2] On August 9, 1994, Julie Gowin was injured in a farm accident.  Gowin is married to Henry Trangsrud’s son, John Trangsrud.  Henry Trangsrud, a retired consulting civil engineer, lived on his family’s farm near Kindred.  Henry Trangsrud and his family had lived on the farmstead since 1973, and John Trangsrud and his older brother helped with the field work.

[¶3] Gowin and John Trangsrud, before they married in 1992, obtained degrees from North Dakota State University.  Gowin began helping with the mowing and other upkeep of the farmstead before the marriage, and Henry Trangsrud began paying her for the work in 1992.  During the summers of 1992, 1993, and 1994, Henry Trangsrud paid Gowin and John Trangsrud $6 per hour for their farm work, including mowing the farmstead.  The equipment used for mowing was an overhauled 1950s Farmall Model H tractor.  Henry Trangsrud had attached a Woods belly mower to the tractor during the 1980s.

[¶4] Henry Trangsrud had given John Trangsrud some instructions on how to operate the tractor and mow the grass around the farmstead, but he did not instruct Gowin.  Gowin began mowing the grass in 1992.  John Trangsrud gave her instructions on how to operate the tractor controls and how to open up an area of grass and pick a pattern for mowing.  After the first few times Gowin mowed, it appeared to Henry Trangsrud she was mowing correctly and he did not believe she needed further instruction.  Henry Trangsrud left it to John Trangsrud to guide her.  Neither Henry Trangsrud nor John Trangsrud informed Gowin the brakes had a latch which would allow for their individual operation.

[¶5] Before the accident, Gowin had mowed the farmstead about 20 times.  The farmstead is adjacent to the Sheyenne River and there is a large area of grass next to a dike built along the river.  The dike has a steep drop-off.  Gowin began mowing, and as she approached the crest of dike, she attempted to turn the tractor, but its front wheels began to slip, and it would not turn.  Gowin hit the brakes, but the tractor would not stop.  Gowin, along with the tractor, went over the embankment and fell fifteen feet onto the riverbank.  As a result of the fall, Gowin sustained injuries to her right hand and left hip.

[¶6] Gowin sued Henry Trangsrud seeking damages for her personal injuries.  She claimed Henry Trangsrud was her employer and he failed to provide her with safe equipment and proper instruction regarding use of the tractor.  According to Gowin’s expert witness, there were a number of irregularities with the tractor, which, along with a lack of proper instruction, caused the accident.  The expert testified if Gowin had used the individual brakes on the tractor, the accident possibly could have been avoided.  A jury found Henry Trangsrud was negligent but his negligence was not a proximate cause of Gowin’s injuries.  The trial court dismissed Gowin’s action and denied her motion for new trial.

[¶7] The trial court had jurisdiction under N.D.C.C. § 27-05-

06.  Gowin’s appeal is timely under N.D.R.App.P. 4(a).  This Court has jurisdiction under N.D. Const. Art. VI, § 6, and N.D.C.C. § 28-

27-01.

II

[¶8] The decision to grant or deny a motion for new trial rests in the sound discretion of the trial court.  
Larson v. Kubisiak
, 1997 ND 22, ¶6, 558 N.W.2d 852.  A trial court abuses its discretion when it acts in an arbitrary, unreasonable, or unconscionable manner, or when its decision is not the product of a rational mental process.  
Endresen v. Scheels Hardware and Sports
, 1997 ND 38, ¶14, 560 N.W.2d 225.

[¶9] Gowin asserts the trial court erred in refusing to give two of her requested jury instructions.  Jury instructions must fairly inform the jury of the applicable law.  
Barnes v. Mitzel Builders, Inc.
, 526 N.W.2d 244, 247 (N.D. 1995).  We review whether, as a whole, the jury instructions fairly and adequately advised the jury.  
Kunnanz v. Edge
, 515 N.W.2d 167, 175-76 (N.D. 1994).  While a trial court may properly refuse a requested instruction not applicable to the evidence, a party is entitled to an instruction on a valid applicable theory if there is some evidence to support it.  
Matter of Estate of Ambers
, 477 N.W.2d 218, 221 (N.D. 1991).  But only errors or defects which affect the substantial rights of the parties warrant a new trial.  
See
 
Cullen v. Williams County
, 446 N.W.2d 250, 252 (N.D. 1989); N.D.R.Civ.P. 61.

A

[¶10] Gowin requested the court give the following jury instruction fashioned after NDJI-Civil 150 and titled “Negligence of Agent Chargeable to Principal”:

“It is for the jury to determine whether John Trangsrud was an agent or employee of Defendant, Henry Trangsrud, and was acting in the course of his employment and within the scope of his authority at the various times he provided instructions to Julie Gowin regarding the operation of the tractor and the mowing procedure.

“If you find that John Trangsrud was such an employee or agent and was acting within the scope of his authority, you are instructed that a principal or employer, such as Henry Trangsrud, is responsible for the negligence of his employee or agent in transacting the business of the principal or employee, including any wrongful acts committed by the agent or employee in and as a part of transacting the business.  Accordingly, Defendant, Henry Trangsrud, under such circumstances, is chargeable with any negligent acts or omissions of John Trangsrud with regard to such training or instruction.”

[¶11] The trial court’s denial of Gowin’s request for the agency instruction was based on several grounds.  In its order denying the motion for new trial, the court reasoned the instruction was improper because Gowin’s complaint did not allege John Trangsrud was acting as an “agent” or “superior servant” of Henry Trangsrud.  The court also reasoned the instruction was a misstatement of law under N.D.C.C. § 34-02-02.  The court further reasoned the jury had been instructed on negligence and Henry Trangsrud’s duties, and these instructions adequately informed the jury about the law.  Finally, the court reasoned Gowin failed to show the giving of the agency instruction could have changed the outcome of the case in light of the jury’s verdict.

[¶12] Gowin asserts the trial court’s failure to instruct the jury on agency is reversible error because the instruction would not have been inconsistent with N.D.C.C. § 34-02-02, and the reason the jury found Henry Trangsrud negligent could have been its belief the lack of training which led to the accident was the responsibility of John Trangsrud rather than Henry Trangsrud.  Gowin asserts it is therefore possible the jury would have answered the causation question differently had the agency instruction been given, and the failure to give the instruction constitutes prejudicial error.

[¶13] N.D.C.C. § 34-02-02 is a codification of the fellow servant rule:

“Except as otherwise provided by law, an employer is not bound to indemnify his employee for losses suffered by the latter in consequence of the ordinary risks of the business in which he is employed, nor in consequence of the negligence of another person employed by the same employer in the same general business, unless the employer has neglected to use ordinary care in the selection of the culpable employee.”

In support of the agency instruction and the inapplicability of this statute, Gowin relied on 
Schan v. Howard Sober, Inc.
, 216 N.W.2d 793 (N.D. 1974) and 
Herbert v. Northern Pacific R. Co.
, 3 Dak. 38, 13 N.W. 349 (1882), 
aff’d
, 116 U.S. 642, 6 S.Ct. 590, 29 L.Ed. 755 (1886).

[¶14] In 
Herbert
, a railroad brakeman, injured when defective brakes on a car failed, sued the employer.  The Court rejected the employer’s argument the predecessor statutes to N.D.C.C. §§ 34-02-

02 and 34-02-03 had eliminated the common law exceptions to the fellow servant rule, concluding the statutes did not change the common law rules relating to the subject.  
Herbert
, 13 N.W. at 352.  The Court also ruled the employer had a duty to provide safe equipment to the employee.  In response to the employer’s argument it had fulfilled a duty by stationing a repairman at the yard, and the faulty brakes were the result of the repairman’s negligence, the Court said:

“We understand the principle maintained in the cases cited to be, that there are certain duties which concern the safety of the servant that belong to the master to perform, and he cannot rid himself of responsibility to his servant for not performing them by showing that he delegated the performance to another servant, who neglected to follow his instruction or omitted to do the duty intrusted to him; that the acts which the master, as such, is bound to perform for the safety and protection of his employe[e]s, cannot be intrusted to another, so as to exonerate the former from liability to a servant who is injured by the omission to perform the act or duty, and in respect to such duty the servant who undertakes to perform it is the representative of the master, and not a mere co-servant with the one who sustains the injury.”

Herbert
, 13 N.W. at 353.

[¶15] In 
Schan
 at 801, this Court reaffirmed the common law fellow servant rule principles applied in 
Herbert
 and quoted with approval from the South Dakota Supreme Court’s decision in 
Smith v. Community Co-operative Ass’n of Murdo
, 87 S.D. 440, 209 N.W.2d 891, 894 (1973):

“The one who represents the master whether he be termed vice-principal or superior servant, may act in a dual capacity, (1) as vice-principal or superior servant; (2) as a fellow-servant; and whether or not the master will be held to be liable for the negligence act of such servant will depend upon whether the act, which is alleged to constitute the negligence was performed by such person in his capacity as vice-principal or in his capacity as fellow-servant.  If the act was done in the performance of a duty resting upon the master, then the master would be liable for the negligent performance of such duty by the vice-principal, but if the act was done in the performance of a duty resting upon a fellow-

servant then the master would not be liable.”

[¶16] Gowin correctly argues the exceptions to the fellow servant rule do not conflict with N.D.C.C. § 34-02-02.  But Gowin wrongly concludes the trial court committed reversible error in refusing to give the agency instruction.

[¶17] While an instruction based on the principles set forth in 
Herbert
 and 
Schan
 might well have been appropriate, the agency instruction sought by Gowin does not accurately reflect those principles.  The relationship of master and servant, or employer and employee, falls within the much broader category of principal and agent.  
See
 27 Am.Jur.2d 
Employment Relationship
 § 3 (1996).  As 
Herbert
 and 
Schan
 demonstrate, common law master and servant rules contain unique limitations not found in the general law of principal and agent, and these differences are especially pronounced when an agricultural worker is involved.  
See
 
generally
 Annot., 
Master’s liability to agricultural worker injured other than by farm machinery
, 9 A.L.R.3d 1061 (1966); Annot., 
Master’s liability to servant injured by farm machinery
, 67 A.L.R.2d 1120 (1959).  Under 
Herbert
 and 
Schan
, certain employer duties are not delegable to others.  Gowin’s proposed instruction does not convey the applicable legal concept that an employer’s obligation to provide safe instructions is a nondelegable duty.  Rather, her proposed agency instruction goes much further and essentially imposes liability on Henry Trangsrud for John Trangsrud’s actions by virtue of the agency relationship regardless of whether those actions relate to a nondelegable duty.  That is an incorrect statement of the law, and a court must refuse a requested instruction that misstates the law.  
See
 
State v. Anderson
, 480 N.W.2d 727, 730 (N.D. 1992).

[¶18] Because Gowin’s requested instruction misstated the law, we conclude the trial court did not err in refusing to give the instruction, and did not abuse its discretion in denying a new trial on this basis.

B

[¶19] Gowin requested the following instruction titled “Employee’s Contributory Fault”:

“An employee is required to comply substantially with all of the directions of his or her employer concerning the employment.  Accordingly, the employee has a right to obey and trust the orders of the employer, and no act or omission of such employee constitutes contributory fault or negligence on the part of the employee if such act or omission was performed in accordance with such directions or instructions.”

The trial court refused to give the instruction, and reasoned this refusal did not constitute grounds for a new trial because contributory fault is a factor only when the negligence of the plaintiff and defendant combine to cause injury. Because the jury found Henry Trangsrud’s negligence was not the proximate cause of Gowin’s injury, the trial court reasoned her negligence or lack of negligence was irrelevant.

[¶20] The record is not clear why the trial court initially refused to give this instruction to the jury.  The trial court did give a general instruction on contributory negligence,
(footnote: 1) and the court may have believed the subject was adequately covered.  
See
 
Olson v. Griggs County
, 491 N.W.2d 725, 729 (N.D. 1992) (court is not required to give instructions in specific language requested by a party if the instructions given fairly and adequately inform jury of the law).  In any event, assuming the trial court erred in refusing to give the requested instruction, Gowin must show the failure to give this instruction affected her substantial rights.  
See
 
Cullen
; N.D.R.Civ.P. 61.  Gowin has failed to do so.

[¶21] An erroneous failure to give a requested instruction is harmless error if the result would be the same if the error had not occurred.  
See
, 
e.g.
, 
Olson
 at 730; 
Benedict v. St. Luke’s Hospitals
, 365 N.W.2d 499, 504-505 (N.D. 1985); 
Wall v. Zeeb
, 153 N.W.2d 779, 784 (N.D. 1967).  Contributory negligence can be present only when the negligence of the plaintiff combines with the negligence of the defendant to proximately cause injury to the plaintiff.  
See
 
generally
 
Ingalls v. Paul Revere Life Ins. Group
, 1997 ND 43, ¶6, 561 N.W.2d 273; 
Dehn v. Otter Tail Power Co.
, 251 N.W.2d 404, 414 (N.D. 1977).  Because the jury found Henry Trangsrud’s negligence was not a proximate cause of Gowin’s injuries, Gowin’s contributory negligence did not become an issue.  The result would be the same if the alleged error had not occurred.

[¶22] We conclude the trial court did not abuse its discretion in denying Gowin’s motion for new trial on the basis of the court’s failure to give her requested instruction on an employee’s contributory fault.

III

[¶23] The judgment and order denying Gowin’s motion for new trial are affirmed.

[¶24] Dale V. Sandstrom

William A. Neumann

Mary Muehlen Maring

Herbert L. Meschke

Gerald W. VandeWalle, C.J.

FOOTNOTES
1:    
The trial court instructed the jury:

“Everyone has a duty to exercise ordinary care for his own protection and safety and in doing so, to make a reasonable use of his faculties to avoid injury to himself.  If he fails to do so, he is guilty of negligence.  Accordingly, negligence of an injured Plaintiff is ’contributory negligence’ if it occurs or combines with negligence of the Defendant so that the negligence of both is a proximate cause of the Plaintiff’s injury, although the negligence of the Defendant may have been in different degree or effect.”