1999 ND 32

**Rodney J. LEINGANG, Plaintiff
and Appellant,**

v.

**Frank and Diane GEORGE, Defendants
and Appellees.**

No. 980165.

Supreme Court of North Dakota.

Feb. 23, 1999.

Rehearing Denied March 18, 1999.

Deborah J. Carpenter of Carpenter Law Offices, Bismarck, for plaintiff and appellant.

Collin P. Dobrovolny of McGee, Hankla, Backes & Dobrovolny, Minot, for defendants and appellees.

NEUMANN, Justice.

[¶ 1] Rodney Leingang appeals from the district court's order denying him a new trial and the judgment.

## I

[¶ 2] Rodney Leingang was employed as a farm laborer on the farm of Frank and Diane George. Leingang suffered injury to his left arm when it became entangled in a posthole digger while he was working on the farm.

[¶ 3] Leingang commenced a personal injury suit on April 11, 1995. The case was tried to a jury in November 1997. The jury's verdict apportioned fault of 60 percent to the Georges and 40 percent to Leingang. The jury awarded Leingang total damages of $64,000.

[¶ 4] Following the verdict, the Georges moved for a reduction in the damage award based on apportionment of fault, collateral source payments, advance payments, and on their Rule 68, N.D.R.Civ.P., offer of judgment. The district court ultimately reduced the award and entered judgment in favor of Leingang for $470.58.

[¶ 5] Leingang appeals from the district court's order for judgment and from its order denying his motion under Rule 59, N.D.R.Civ.P., and Rule 60, N.D.R.Civ.P.

## II

[¶ 6] This case comes before us with no transcript. Leingang argues this Court and the district court erred by not requiring the court reporter to accept his proposal to pay for the transcript in installments. Leingang asserts he was not able to afford the cost of the transcript and the court reporter would not accept his proposed installment plan.

[¶ 7] Rule 10, N.D.R.App.P., governs the record on appeal. Under Rule 10(b), N.D.R.App.P., the appellant is required to file the trial transcript with this Court on appeal. *Sabot v. Fargo Women's Health Organization, Inc.*, 500 N.W.2d 889, 891 (N.D.1993). Rule 10(b), N.D.R.App.P., allows the appellant to proceed on appeal with a partial transcript if it will allow for a meaningful and intelligent review of any alleged error. *Id.* at 892. However, the appellant also assumes the risks associated with submitting a partial transcript, as we will not review any issue that cannot be meaningfully reviewed on the submitted record. *Id.*

[¶ 8] If the appellant wishes to proceed with a partial transcript, under Rule 10(b), N.D.R.App.P., the other party must stipulate to unnecessary portions of the tran-

script or risk paying for those portions and any attorneys fees associated with making the motion to procure payment. *Sabot,* 500 N.W.2d at 892. In this case, there is no allegation concerning any refusal to stipulate to portions of the transcript not necessary for review of the alleged errors. Therefore, under Rule 10(b), N.D.R.App.P., there is no justification for failure to provide at least portions of the trial transcript.

██ [¶ 9] Rule 10(c), N.D.R.App.P., dealing with the financial arrangements for preparation of the transcript on appeal, provides:

If demanded by the person preparing the transcript, the appellant or a party obliged by an order of the court under subdivision (b) to pay for the transcript or a portion thereof shall advance the payment of his portion of the estimated cost of any transcript ordered, provided a written estimate of the amount and a demand for payment is served on any obligated party within 10 days after receipt of the order for transcript or an order of the trial court under subdivision (b). *Failure to furnish a written estimate and make a timely demand for payment waives the right to demand advance payment.* (Emphasis added.)

Leingang has not alleged the court reporter failed to comply with Rule 10(c), N.D.R.App.P. We therefore find no error in the court reporter's demand for advance payment or the subsequent denials by the district court and this Court for leave to make installment payments on the costs associated with the trial transcript.

## III

[¶ 10] Leingang made a motion for a new trial or relief from the judgment at the close of the trial. In his motion, he argued the district court had: (1) erroneously omitted his requested jury instructions; (2) erroneously excluded photographic evidence; (3) erroneously excluded expert testimony; (4) erroneously permitted questioning about "other income"; and (5) improperly answered questions from the jury.

██ [¶ 11] The decision to grant or deny a motion for a new trial or for relief from a judgment is within the sound discretion of the district court. *Gowin v. Trangsrud,* 1997 ND 226, ¶ 8, 571 N.W.2d 824; *Peterson v. Peterson,* 555 N.W.2d 359, 361 (N.D.1996). The district court abuses its discretion if it acts in an arbitrary, unreasonable, or unconscionable manner, or when its decision is not the product of a rational mental process. *Gowin,* at ¶ 8. When a motion for a new trial is made in the court below and an appeal is taken from the order denying the motion and the judgment, alleged errors as grounds for a new trial must be presented in the motion or they are deemed to be waived for appellate review. *Andrews v. O'Hearn,* 387 N.W.2d 716, 728–29 (N.D.1986).

### a.

[¶ 12] In Leingang's motion for a new trial, and again on appeal, he argues the district court erred by refusing to give two requested jury instructions.[1] The instruction Leingang requested stated:

Acts which employer is bound to perform for the safety and protection of his or her employees cannot be entrusted or delegated to another so as to protect the employer from liability to employee who is injured by the employer's omission to perform such act or duty.

[¶ 13] Rule 51, N.D.R.Civ.P., governs instructions to a jury and, under subsection (c), provides when an exception, or more conventionally today an objection, must be taken in order to preserve the issue for appellate review. *Deichert v. Fitch,* 424 N.W.2d 903, 905 (N.D.1988); *Rau v. Kirschenman,* 208 N.W.2d 1, 4 (N.D.1973), *reh'g denied,* 208 N.W.2d 7 (N.D.1973). Specifically, Rule 51(c), N.D.R.Civ.P., provides:

(c) *Exceptions to Instructions. The giving of instructions and the failure to instruct the jurors are deemed excepted to unless the court, before instructing the jurors, submits to counsel the written instructions it proposes to give to the jurors and asks for exceptions to be noted.*

1. Because the record only contains one of the allegedly requested instructions, we will only address the instruction contained in the record.

*Thereupon, counsel shall designate the parts or omissions of such instructions as that counsel considers objectionable. Thereafter, only the parts or omissions so designated are deemed excepted to by the counsel designating the same.* All proceedings connected with the taking of such exceptions must be in the absence of the jurors and a reasonably sufficient time must be allowed counsel to take exceptions and to note them in the record of the proceedings. (Emphasis added.)

[¶ 14] During oral argument on appeal, Leingang conceded the district court had provided a copy of its proposed instructions in advance of the trial, and a conference was held during which objections could have been noted. We cannot determine, from the partial record before us, whether Leingang objected to the omission of the requested instruction.

[¶ 15] Although not specifically argued in Leingang's brief, by necessary implication, the issue presented is whether counsel's request for a jury instruction that is wholly omitted by the district court gives rise to an automatic objection under Rule 51, N.D.R.Civ.P.

[¶ 16] In *Rau v. Kirschenman,* we noted under our prior law counsel was responsible for objecting to parts of the proposed instructions counsel may have deemed improper, but was not required to object to any omissions in the proposed instructions. *Rau,* 208 N.W.2d at 8. However, we also noted that under Rule 51(c), N.D.R.Civ.P., the prior law no longer applies. *Rau,* 208 N.W.2d at 8. Because Rule 51(c), N.D.R.Civ.P., specifically requires objections to omissions counsel now has the burden of objecting not only to parts included in the proposed instructions but also to omissions in the proposed instructions. *Rau,* 208 N.W.2d at 8.

[¶ 17] Rule 51, F.R.Civ.P., varies from our Rule 51, N.D.R.Civ.P., but it does have similar language relating to the duty to object. *Rau,* 208 N.W.2d at 8. Specifically, Rule 51, F.R.Civ.P. states:

No party may assign as error the giving or the failure to give an instruction unless that party objects thereto before the jury retires to consider its verdict, stating distinctly the matter objected to and the grounds of the objection.

Rule 51, F.R.Civ.P., requires an objection to the omission of a requested instruction in order to preserve the issue for review. *See, e.g., Rolscreen Co. v. Pella Products of St. Louis, Inc.,* 64 F.3d 1202, 1211 (8th Cir.1995); *Caruso v. Forslund,* 47 F.3d 27, 30–31 (2nd Cir.1995); *Jerlyn Yacht Sales v. Roman Yacht Brokerage,* 950 F.2d 60, 66 (1st Cir. 1991); *Salazar v. City of Chicago,* 940 F.2d 233, 242 (7th Cir.1991); *Grosvenor Properties Ltd. v. Southmark Corp.,* 896 F.2d 1149, 1152 (9th Cir.1990); *Coughlin v. Capitol Cement Co.,* 571 F.2d 290, 299 (5th Cir.1978). Likewise, many state courts with a rule or statute similar to Rule 51, F.R.Civ.P., have also held an objection to the omission of a requested instruction is required to preserve the issue for appellate review. *See, e.g., Royal v. Safety Coatings, Inc.,* 655 So.2d 927, 932 (Ala.1994); *Roswell Properties, Inc. v. Salle,* 208 Ga.App. 202, 430 S.E.2d 404, 411 (1993); *Matthews v. Felps,* 515 So.2d 545, 547–48 (La.App.1987); *Kelbaugh v. Mills,* 108 Md.App. 89, 671 A.2d 41, 44 (1996); *Flood v. Southland Corp.,* 416 Mass. 62, 616 N.E.2d 1068, 1072 (1993); *Johnson v. Egtedar,* 112 Nev. 428, 915 P.2d 271, 275 (1996); *Sundt v. State Dept. of Transp.,* 566 N.W.2d 476, 480 (S.D.1997); *Collette v. Bousley,* 141 Vt. 373, 449 A.2d 936, 937 (1982).

[¶ 18] We agree with the interpretation of those federal and state courts. When the district court has provided counsel with a written copy of the proposed instructions before giving them to the jury and has provided an opportunity to object, a mere request for an instruction not given does not create an automatic objection under Rule 51, N.D.R.Civ.P. If the district court allows for objections to be noted, then *only the instructions or omissions explicitly designated by counsel as objectionable* are deemed excepted to. Rule 51(c), N.D.R.Civ.P. Because without a transcript we cannot discern from the record whether Leingang objected to the court's omission of the requested instruction, we are not able to review the alleged error. *See Sabot,* 500 N.W.2d at 892 (stating the appellant assumes the risk of appealing with a partial or no record).

### b.

[¶ 19] In Leingang's motion for new trial and again on appeal, he alleges the trial court erred in precluding future loss testimony, denying the admission of photographs, answering questions submitted by the jury, and in allowing him to be questioned about "other income." Again, the lack of a complete record controls our review. Because we cannot conduct a meaningful review of these alleged errors on the record before us, we decline to review these issues. *Id.*

### IV

[¶ 20] Leingang also argues the district court erred when it reduced the jury's special verdict award. Although this issue was not raised in Leingang's motion for a new trial or relief from the judgment, we will review it because the issue arose after Leingang's motion had been filed, and therefore, he could not have raised it in his motion for a new trial or relief from the judgment.

[¶ 21] The damages totaled $40,538.44, after fault was apportioned and Leingang's costs and interest were added. Based on the Georges' motion, the verdict was reduced by: (1) $774.49, the incurred costs by the Georges since the Rule 68, N.D.R.Civ.P., offer; (2) $11,269.10, payments made by Indian Health Services on behalf of Leingang; (3) $5,209.59, payments made by the Georges' insurer Center Mutual Insurance to health care providers for Leingang; and (4) $22,-814.68, payments made by Center Mutual Insurance directly to Leingang. Based on those reductions, judgment was entered for $470.58

[¶ 22] Because of the inadequate record and the failure of Leingang to materially address these issues in his brief, we are left with little coherent argument on the reductions to the verdict.

[¶ 23] The $5,209.59 and the $22,-814.68 were apparently reduced from the verdict under N.D.C.C. § 32–39–03 as partial payments of the claim. The only argument on record concerning these reductions is that there was no proof the payments were made. The Georges later submitted proof of payment. Leingang failed to respond with a written brief, choosing rather to address the issue at a hearing of which we have no transcript. Based on the record before us, we are unable to find any fault with the reduction.

[¶ 24] The $11,269.10 was reduced under N.D.C.C. § 32–03.2–06 as a collateral source. Before the district court, Leingang argued these payments from Indian Health Services were akin to personal insurance, and therefore, should be within the exception to the collateral source rule under N.D.C.C. § 32–03.2–06.

[¶ 25] Section 32–03.2–06, N.D.C.C., states "life insurance, other death or retirement benefits, or any insurance or benefit purchased by the party recovering economic damages" are not included as a collateral source and are not used to reduce an award for economic damages.

[¶ 26] In *Dewitz v. Emery*, 508 N.W.2d 334 (N.D.1993), we noted the legislative history indicated the personal insurance exception was made to encourage people to secure personal insurance. *Id.* at 340. The legislative history also shows the overall intent of the statute was to eliminate double recovery from sources such as Workers Compensation and Social Security. *Id.* at 341. In *Dewitz*, we held the personal insurance exception would include insurance purchased for a minor child by a parent. *Id.* at 340.

[¶ 27] In light of the legislative history indicating the exception was to encourage people to "purchase" insurance and stating that benefits such as Workers Compensation and Social Security do not fall under the exception, and in light of Leingang's failure to show the benefits from Indian Health Services were in any way "purchased" under the plain meaning of that word, Leingang has failed to show such benefits fall under the personal insurance exception to the collateral source rule under N.D.C.C. § 32–03.2–06. The district court therefore did not err in reducing the judgment by the amount of these payments.

[¶ 28] Finally, as Leingang conceded below, there had been a proper Rule 68, N.D.R.Civ.P., offer. Rule 68 provides in part:

(a) *Offer of settlement.* At any time more than ten days before the trial begins, any party may serve upon an adverse party an offer. . . . If the judgment is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer.

[¶ 29] The offer made by the Georges under Rule 68, N.D.R.Civ.P., was more than the verdict rendered by the jury. Consequently, any costs accrued by the Georges after making the offer were deducted from the verdict by the district court. Leingang did not argue on appeal the amount of costs used to reduce the verdict was erroneous. Therefore, the district court did not err when it deducted this amount from the judgment.

V

[¶ 30] For the foregoing reasons we affirm the judgment of the district court and the order denying the motion for a new trial or relief from the judgment.

[¶ 31] VANDE WALLE, C.J., and MARING, KAPSNER and SANDSTROM, JJ., concur.

