2005 ND 141

**CASE CREDIT CORPORATION, a Delaware Corporation, Plaintiff and Appellant**

v.

**OPPEGARD'S, INC., a North Dakota Corporation, Defendant and Appellee.**

**No. 20040369.**

Supreme Court of North Dakota.

July 25, 2005.

Rehearing Denied Aug. 31, 2005.

Clifton D. Rodenburg (on brief), Johnson, Rodenburg & Lauinger, Fargo, ND, for plaintiff and appellant.

John P. Dosland, Ohnstad Twichell, P.C., West Fargo, ND, for defendant and appellee.

KAPSNER, Justice.

[¶ 1] Case Credit Corporation ("Case Credit") appeals a district court order denying its motion for judgment as a matter of law and a district court judgment awarding damages, without interest, based on the jury's findings that Oppegard's, Inc. ("Oppegard's") was 5 percent liable for Case Credit's damages. We affirm the

denial of the motion for judgment as a matter of law, but reverse and remand for an award of interest.

## I.

[¶ 2] Waters Farm, Inc. ("Waters Farm"), located in Traill County, leased a Case IH 9350 tractor from Valley Equipment in 1996. Doug Waters personally guaranteed the lease and Valley Equipment assigned the lease to Case Credit. Case Credit recorded a Uniform Commercial Code (UCC) financing statement describing the tractor in Traill County. Waters Farm traded the tractor to Oppegard's, an implement dealer, in 1998. The Oppegard's employee who completed the transaction testified it was not Oppegard's practice at the time to search the filings when the farmer was local, but he was aware of Case Credit's interest in the tractor. Oppegard's made the check payable only to Doug Waters and did not notify Case Credit because Waters assured them he would pay Case Credit. Oppegard's later sold the tractor to an implement dealer in Minnesota.

[¶ 3] Under the terms of the lease, the trade to Oppegard's constituted a default entitling Case Credit to receive the purchase option price for the tractor. Case Credit never received payment for the tractor and obtained a default judgment against Waters Farm and Doug Waters in 2000. Case Credit commenced an action against Oppegard's claiming Oppegard's assisted Waters Farm in the conversion of the tractor. Partial summary judgment was entered in Case Credit's favor on the issue of conversion but the case went to trial on the issue of liability for damages. Prior to trial the parties stipulated the value of the tractor on the date Oppegard's issued the check to Waters was $62,115.70. A jury found Oppegard's was liable for 5 percent of Case Credit's damages and

Case Credit was not entitled to interest on the damages. Judgment was entered accordingly.

## II.

[¶ 4] We note initially Case Credit elected not to pursue remedies available under the Uniform Commercial Code. *See generally* N.D.C.C. chs. 41–02.1 and 41–09. Case Credit chose instead to proceed with a tort action for conversion.

[¶ 5] Case Credit argues the district court erred in denying its motion for judgment as a matter of law that Oppegard's aided Waters' conversion and was therefore jointly liable for Case Credit's damages.

> In considering a motion for judgment as a matter of law under N.D.R.Civ.P. 50, a trial court must apply a rigorous standard with a view toward preserving a jury verdict. In determining if the evidence is sufficient to create an issue of fact, a trial court must view the evidence in the light most favorable to the nonmoving party, and must accept the truth of the evidence presented by the nonmoving party and the truth of all reasonable inferences from that evidence which supports the verdict. A judgment as a matter of law is appropriate if the evidence leads to but one conclusion as to the verdict about which there can be no reasonable difference of opinion. A trial court's decision on a motion for judgment as a matter of law is fully reviewable on appeal.

*Howes v. Kelly Services, Inc.*, 2002 ND 131, ¶ 7, 649 N.W.2d 218 (internal citations omitted).

[¶ 6] Section 32–03.2–02, N.D.C.C., states, in part:

> When two or more parties are found to have contributed to the injury, the liability of each party is several only, and is

not joint, and each party is liable only for the amount of damages attributable to the percentage of fault of that party, except that any persons who act in concert in committing a tortious act or aid or encourage the act, or ratifies or adopts the act for their benefit, are jointly liable for all damages attributable to their combined percentage of fault. Case Credit argues the "aid" exception is applicable in this case and the evidence is so clear that Oppegard's aided Waters Farm's conversion that it is no longer a question of fact and Case Credit is entitled to judgment as a matter of law.

[¶ 7] "Issues which are ordinarily factual in nature may become issues of law for a court to decide if reasonable persons could reach only one conclusion from the facts." *Ohio Casualty Ins. Co. v. Horner,* 1998 ND 168, ¶ 9, 583 N.W.2d 804. Both parties argue this issue depends on the definition of "aid" as used in N.D.C.C. § 32–03.2–02. "Aid" is not defined by the statute and has not been defined by case law. "If no definition to a word contained in a certain section is given, the word is to be understood in its ordinary sense, construed according to the context in which it lies, and interpreted to give a reasonable result." *Ames v. Rose Township Board of Township Supervisors,* 502 N.W.2d 845, 850 (N.D.1993); N.D.C.C. § 1–02–02.

[¶ 8] The district judge found whether Oppegard's "aided" Waters Farm in converting the tractor was a question of fact to be decided by the fact finder. The judge stated, "[i]f there's an exception to the standard provisions of the modified comparative fault statute, . . . those exceptions should be found by a jury, by the fact finder, not by a judge, . . ." A fact finder could reach more than one conclusion based on the evidence presented, and the district court properly concluded the question of whether Oppegard's aided the con-version and became jointly liable for Case Credit's damages was one for the jury. The jury specifically found Oppegard's did not aid Case Credit, so Oppegard's is only severally liable for Case Credit's damages. The jury found 5 percent of fault was attributable to Oppegard's.

## III.

[¶ 9] Case Credit argues the district court erred by failing to give a jury instruction defining "aid." This Court reviews jury instructions to determine whether, as a whole, they fairly and adequately advised the jury. *Amyotte v. Rolette County Housing Authority,* 2003 ND 48, ¶ 5, 658 N.W.2d 324. A proper jury instruction is one that adequately informs the jury of the applicable law. *Id.* "While a trial court may properly refuse a requested instruction not applicable to the evidence, a party is entitled to an instruction on a valid applicable theory if there is some evidence to support it." *Id.*

[¶ 10] The district court is not required to define a commonly understood word to the jury unless there is a specific request for the definition. *State v. Motsko,* 261 N.W.2d 860, 866 (N.D.1977); *see also Hubbell Commercial Brokers, L.C. v. Fountain Three,* 652 N.W.2d 151, 158 (Iowa 2002) (citing *People v. Estrada,* 11 Cal.4th 568, 46 Cal.Rptr.2d 586, 904 P.2d 1197, 1203 (1995)). Once a specific request for definition has been made, the district court "should exercise an appropriate discretion in deciding whether definitions are necessary." *Motsko,* at 866.

[¶ 11] Both parties submitted a proposed jury instruction defining "aid." After hearing arguments supporting the requests, the trial court stated:

> The Court will intend on not giving either instruction, either [Oppegard's] aiding or [Case Credit's] aiding instruction.

The Court plans on giving the comparative fault relative language and you will get a chance to take exceptions. The reason for the following, aid for the modified is not defined under case law or by statute, it is a common term.... [T]he Court is aware of the restatement and aware they could give a definition. But I don't believe that would be anymore helpful than the collective knowledge of the aiding for those reasons.

Case Credit requested a dictionary definition of "aid." Because the word is commonly understood, the failure to give a definition was not prejudicial, *Hubbell*, 652 N.W.2d at 158–59, and the district court's decision not to define "aid" was not an abuse of its discretion.

[¶ 12] Case Credit also argues the district court confused the jury by including the entire modified comparative fault statute in the instruction and not just the relevant parts. It is error for a court to include inapplicable portions of a statute in jury instructions because it "can only add to the jury's formidable task of applying the law as given to it by the court to the facts as it finds them." *Spalding v. Loyland*, 132 N.W.2d 914, 923 (N.D.1964). In *Welter v. Leistikow*, 9 N.D. 283, 83 N.W. 9 (1900), this Court stated:

> A verdict is properly set aside, and a new trial granted, where the instructions were not applicable under the evidence, and tended to mislead and confuse the jury. The fact that such instructions may state correct legal propositions in no manner changes the rule.

*Spalding*, at 923.

[¶ 13] "Instructions on issues or matters not warranted by the evidence are erroneous but constitute reversible error only when calculated to mislead the jury or in other words when they are prejudicial." *Leake v. Hagert*, 175 N.W.2d 675, 686 (N.D.1970) (quoting *Mills v. Roggensack*, 92 N.W.2d 722, 725 (N.D.1958)). Both parties agree only the "aid" exception in N.D.C.C. § 32–03.2–02 was at issue in this case. The instruction given could have been simplified by eliminating the extra statutory language. However, there is nothing to indicate the instruction was "calculated to mislead the jury." The district court did not commit reversible error in giving the instruction.

## IV.

[¶ 14] Case Credit argues it was error to give the jury the discretion not to award interest. Section 32–03–23, N.D.C.C., sets forth the damages available to a party who loses property through conversion:

> The detriment caused by the wrongful conversion of personal property is presumed to be:
>
> 1. The value of the property at the time of the conversion, with the interest from that time; or
>
> 2. When the action has been prosecuted with reasonable diligence, the highest market value of the property at any time between the conversion and the verdict, without interest, at the option of the injured party; ...

"The injured party has the option of electing between these alternatives." *Harwood State Bank v. Charon*, 466 N.W.2d 601, 604 (N.D.1991). The bank in *Harwood* elected to receive damages under subsection (1) and was awarded $7,600 plus interest. *Id.* at 603. This Court affirmed, finding the award appropriate under the chosen alternative. *Id.* at 604.

[¶ 15] Likewise, Case Credit elected to receive damages under subsection (1) and should have been awarded interest in addition to the value of the property at the time of the conversion. The statute says "with the interest," making the award of interest mandatory. *Na-*

*tional Bank of Harvey v. International Harvester,* 421 N.W.2d 799, 806 (N.D. 1988). The jury was instructed they could award interest, presumably under N.D.C.C. § 32–03–05, which states interest may be awarded in a breach of a non-contractual obligation at the discretion of the jury.

[¶ 16] Section 32–03–23, N.D.C.C., applies specifically to conversion while N.D.C.C. § 32–03–05, applies to torts in general. "Whenever a general provision in a statute is in conflict with a special provision in the same or in another statute, the two must be construed, if possible, so that effect may be given to both provisions, but if the conflict between the two provisions is irreconcilable the special provision must prevail and must be construed as an exception to the general provision, ..." N.D.C.C. § 1–02–07. The district court erred by instructing the jury it could elect not to include interest in Case Credit's award. We reverse and remand for an award of interest.

## V.

[¶ 17] We affirm the district court's denial of Case Credit's motion for judgment as a matter of law. We hold the district court erred by permitting the jury not to award Case Credit interest on its damages. We reverse and remand with instructions that the trial judge amend the judgment to include interest pursuant to N.D.C.C. § 32–03–23.

[¶ 18] GERALD W. VANDE WALLE, C.J., MARY MUEHLEN MARING and DALE V. SANDSTROM, JJ., concur.

[¶ 19] The Honorable DANIEL J. CROTHERS did not participate in this decision.