# IN THE SUPREME COURT

# STATE OF NORTH DAKOTA

2019 ND 97

Larry Pavlicek,                                          Plaintiff and Appellee

v.

American Steel Systems, Inc., Gabriel
Construction Services, LLC, Door Pro,
Inc., and Dickinson Ready-Mix, Co.,                      Defendants

and

JRC Construction, LLC,                                   Defendant and Appellant

No. 20180168

Appeal from the District Court of Stark County, Southwest Judicial District, the Honorable William A. Herauf, Judge.

AFFIRMED.

Opinion of the Court by Tufte, Justice.

Craig E. Johnson (argued) and Jared J. Hines (appeared), Fargo, N.D., for plaintiff and appellee.

Paul R. Sanderson, Bismarck, N.D., for defendant and appellant.

**Tufte, Justice.**

[¶1]     JRC Construction, LLC, appeals a judgment entered after a jury awarded Larry Pavlicek $217,244.55 in damages against JRC.  The jury found JRC breached a contract with Pavlicek relating to construction work performed by JRC.  JRC argues the district court erred in denying its motion and renewed motion for judgment as a matter of law because Pavlicek failed to prove he had a contract with JRC.  We affirm.

I

[¶2]     Pavlicek contracted with American Steel Systems, Inc., for the purchase of a steel building.  The contract provided Pavlicek was responsible for hiring other contractors to erect the building and perform other work, including concrete installation.  American Steel made recommendations relating to the other contractors.  JRC installed the concrete floor for the building.  The concrete floor developed problems including peeling, cracking, delaminating, and bubbling.  JRC's attempted repair of the concrete was unsuccessful.

[¶3]     Pavlicek sued American Steel and JRC for breach of contract relating to the defective work.  JRC denied a contract existed between Pavlicek and JRC.  American Steel did not answer the complaint, and the district court granted Pavlicek a $185,800.80 default judgment against American Steel.

[¶4]     At trial, Pavlicek testified about his dealings with JRC.  He testified he spoke with a representative from JRC about installing the concrete floor for the building.  Pavlicek testified he received a verbal proposal from the JRC representative, he agreed to the proposal, and JRC began the concrete work.  After JRC installed the concrete, Pavlicek noticed problems with the concrete, including peeling, cracking, delaminating, and bubbling.  Pavlicek testified that JRC returned to the site to try to repair the concrete damage, but JRC's efforts failed to correct the problems.  On

cross-examination, Pavlicek stated he did not enter into a written contract with JRC. He testified American Steel hired JRC to do the concrete work. On redirect, Pavlicek stated he contracted with JRC and understood JRC was working for him.

[¶5]   At the conclusion of Pavlicek's case-in-chief, JRC moved for judgment as a matter of law under N.D.R.Civ.P. 50, arguing Pavlicek did not prove he had a contract with JRC because of his conflicting testimony about who contracted with JRC to do the concrete work. JRC also argued the damages Pavlicek was awarded resulted in a double recovery because Pavlicek already had a judgment against American Steel for replacement of the concrete floor. The district court denied JRC's motion and a jury returned a verdict in Pavlicek's favor, awarding him $217,244.55 in damages. JRC renewed its motion for judgment as a matter of law after trial. Following a hearing, the court denied JRC's renewed motion.

II

[¶6]   JRC argues Pavlicek failed to prove he had a contract with JRC and the district court erred in denying its motion for judgment as a matter of law.

[¶7]   Rule 50, N.D.R.Civ.P., governs judgments as a matter of law. Under N.D.R.Civ.P. 50(a)(1), a district court may grant a motion for judgment as a matter of law "[i]f a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue." A party moving for judgment as a matter of law "is, in effect, claiming that the evidence is insufficient to create a question of fact for the jury. And whether or not the evidence is sufficient to create a question of fact for the jury is itself a question of law to be decided by the trial court." *Bjorneby v. Nodak Mut. Ins. Co.*, 2016 ND 142, ¶ 7, 882 N.W.2d 232 (quoting *Okken v. Okken*, 325 N.W.2d 264, 267 (N.D. 1982)).

[¶8]   This Court has explained the standard of review for a motion for judgment as a matter of law:

> The trial court's decision on a motion brought under N.D.R.Civ.P. 50
> to deny or grant judgment as a matter of law is based upon whether the

2

evidence, when viewed in the light most favorable to the party against whom the motion is made, leads to but one conclusion as to the verdict about which there can be no reasonable difference of opinion. In considering this motion, the trial court must apply a rigorous standard with a view toward preserving a jury verdict, and so must we in our review on appeal. In determining if the evidence is sufficient to create an issue of fact, the trial court must view the evidence in the light most favorable to the non-moving party, and must accept the truth of the evidence presented by the non-moving party and the truth of all reasonable inferences from that evidence which support the verdict. The trial court's decision on a motion for judgment as a matter of law is fully reviewable on appeal.

*Bjorneby*, 2016 ND 142, ¶ 7, 882 N.W.2d 232 (quoting *Minto Grain, LLC v. Tibert*, 2009 ND 213, ¶ 7, 776 N.W.2d 549). To determine whether the trial court erred in granting or denying a motion for judgment as a matter of law, "this Court examines the trial record and applies the same standard as the district court was required to apply initially." *Id.*

A

[¶9] JRC argues this case is analogous to *Thompson v. Hannah Farmers Coop. Elevator Co.*, 79 N.W.2d 31 (N.D. 1956). In *Thompson*, a farmer alleged he delivered flax to an elevator and did not get paid. *Id.* at 32. The farmer attempted to prove his case based solely on his testimony. *Id.* at 33. This Court discussed the standard for submitting the issue of a witness's credibility to the jury:

The right to the submission of an issue of fact depending upon the credibility of a witness does not exist where the testimony is inherently incredible or impossible or where the undisputed circumstances show that the story told by the witness cannot be true, or that it is so improbable, absurd and self-contradictory that it should be deemed a nullity by the court. Where the inherent improbability of the evidence is so patent that no truth can be in it, the question is one of law. That is also the case where it is so inherently weak that reasonable minds could not entertain different opinions about it. The rule that it is for the jury to reconcile conflicting testimony of a witness does not apply where the only evidence in support of a controlling fact is that of a witness who so contradicts himself as to render findings of fact a mere guess. Where a witness' testimony is itself so contradictory that it has no probative force, a jury cannot be invited to speculate about it

3

or to select one or another contradictory statement as a basis of a verdict.

*Id.* at 37 (citations omitted).

[¶10] This Court held the farmer failed to prove his cause of action against the elevator because "[h]is testimony upon matters vital to his cause is contradictory and improbable." *Id.* at 36. This Court further explained the farmer's failure to prove his claim:

> The plaintiff comes into court and attempts to establish a cause of action against the defendant based on his own oral testimony without support or corroboration. He brought this action nearly six years after the claim which he is attempting to establish had accrued. He says he received scale tickets for the flax hauled on the 4th and 5th of November 1948 to the defendant elevator. He offers contradictory explanations as to his failure to produce them. He intimates that they may have been washed with his clothes. Later he asserts that they were given to the Internal Revenue inspector. No explanation is made, nor is there any evidence in the record as to whether any attempt was made to contact the Internal Revenue Department to locate these alleged scale tickets. Although the plaintiff asserts that he asked about the flax several times during the winter of 1948 and 1949, he never made a formal demand for either a sale of the flax or a return or redelivery thereof.
>
> . . . .
>
> The defendant has no record to show deliveries of flax on November 4 and 5, 1948. To attempt to explain away the lack of this record, the plaintiff offers the absurd explanation that the rats carried away the particular book of scale tickets covering his flax. The defendant's manager positively testifies that the plaintiff did not deliver any flax to the defendant on the dates in question. The inability of the manager and of the plaintiff to find any such record indicates the truth of the manager's statement.
>
> . . . .
>
> A close examination of the evidence indicates that even upon many minor matters, as well as the essential facts, the testimony of the plaintiff is contradictory, inaccurate, incoherent, evasive, irresponsive and improbable. There is no substantial evidence to establish the plaintiff's cause of action.
>
> The evidence in this case is so contradictory and inherently improbable that reasonable minds could not entertain different opinions thereon and could arrive at but one conclusion, that the plaintiff did not

4

on November 4 and 5, 1948, haul over 1,100 bushels of flax to the defendant.

*Id.* at 38-39.

[¶11]   JRC argues Pavlicek's conflicting testimony about who contracted with JRC is similar to the contradictory testimony in *Thompson*. We disagree; *Thompson* is distinguishable from this case. Unlike *Thompson*, Pavlicek's claim against JRC did not hinge solely on his testimony. Although Pavlicek gave conflicting testimony about who contracted with JRC, Pavlicek's written contract with American Steel states Pavlicek was responsible for hiring other contractors to install concrete and perform other work. Pavlicek testified that after he agreed to JRC's proposal to install the concrete, JRC began performing the work. Pavlicek testified he paid JRC for the concrete work and JRC did not dispute that testimony. Additionally, neither Pavlicek nor JRC submitted written evidence establishing American Steel contracted with JRC to install the concrete. Despite Pavlicek's conflicting testimony about who contracted with JRC, there was sufficient evidence presented allowing the jury to decide that issue.

B

[¶12]   JRC argues its motion for judgment as a matter of law should have been granted to prevent a double recovery for Pavlicek.

[¶13]   Under N.D.C.C. § 32-03-36, "no person can recover a greater amount in damages for the breach of an obligation than the person could have gained by the full performance thereof." Before trial, Pavlicek received a $185,800.80 default judgment against American Steel. The amount of damages represented the proposed cost to replace the concrete floor. At trial, the jury found Pavlicek contracted with JRC to install the concrete floor. The jury awarded Pavlicek $217,244.55 in damages to replace the concrete floor.

[¶14]   We are not persuaded that JRC's motion for judgment as a matter of law should have been granted to prevent a double recovery for Pavlicek. JRC has cited no authority that supports that argument. To the extent Pavlicek's judgments against

5

American Steel and JRC represent the same obligation, legal remedies are available to American Steel and JRC to prevent a double recovery for Pavlicek. *See, e.g.*, N.D.R.Civ.P. 60(b)(5) (allowing relief from a final judgment that has been satisfied).

[¶15]  We conclude the district court did not err in denying JRC's motion and renewed motion for judgment as a matter of law.

## III

[¶16]  We have considered JRC's remaining arguments and conclude they are either unnecessary to our decision or without merit.  The judgment is affirmed.

[¶17]  Jerod E. Tufte
      Daniel J. Crothers
      Lisa Fair McEvers
      Jon J. Jensen
      Gerald W. VandeWalle, C.J.

**Jensen, Justice, concurring specially.**

[¶18]   The majority opinion reaches the correct result with the correct analysis by affirming the district court's determination that there was an enforceable contract between Pavlicek and JRC Construction, LLC.  That was the issue presented to the district court, and the majority opinion appropriately limits itself to that issue.  I write separately to prevent future litigants from ignoring a third-party beneficiary's right to enforce a contract through the application of N.D.C.C. § 9-02-04.

[¶19]   A third-party beneficiary may enforce a contract under N.D.C.C. § 9-02-04, which reads as follows:  "A contract made expressly for the benefit of a third person may be enforced by that person at any time before the parties thereto rescind it."  This Court has previously applied N.D.C.C. § 9-02-04 as follows:

> "A contract made expressly for the benefit of a third person may be enforced by him at any time before the parties thereto rescind it." N.D.C.C. § 9-02-04. "To enforce a contract between two others, a third party must have been intended by the contracting parties to be benefited by the contract." *Apache Corp. v. MDU Resources Group, Inc.*, 1999 ND 247, ¶ 10, 603 N.W.2d 891.  To determine whether the contract at issue was made expressly for the third party's benefit, "we must look to the intentions of the parties to the contract." *O'Connell v. Entertainment Enterprises, Inc.*, 317 N.W.2d 385, 388 (N.D. 1982). "The intentions of the parties to a contract must be ascertained from the written contract alone, if possible." *Id.* "Another guideline for determining whether a party is a third-party beneficiary, as opposed to an incidental beneficiary, is whether the benefit to the third party was 'within the contemplation' of the contracting parties." *Moen v. Norwest Bank of Minot*, 647 F.Supp. 1333, 1341-42 (D.N.D. 1986).

*Peoples State Bank of Truman, Inc. v. Molstad Excavating, Inc.*, 2006 ND 183, ¶ 20, 721 N.W.2d 43.

[¶20]   In the present case, JRC concedes it had a contract to perform concrete work for the benefit of Pavlicek, albeit JRC argues its contract was with American Steel.  Because JRC concedes it entered into a contract intending to perform concrete work for the benefit of Pavlicek, the contract can be enforced by Pavlicek as a third-party beneficiary, even if the contract was between JRC and American Steel.  Although the parties chose to litigate the existence of a contract between JRC and Pavlicek, had the district court found that a contract between JRC and Pavlicek did not exist, Pavlicek would nonetheless still have been entitled to a recovery as a third-party beneficiary by enforcing the agreement between JRC and American Steel.

[¶21]   Jon J. Jensen